## BLaST Intermediate Unit 17 v. CNA Insurance Companies

78

*Michael L. Banks* and *David Bahl,* for plaintiff.
*Karen M. Costello* and *Walter Tilley III,* for defendant.

RAUP, *P.J.,* March 8, 1990 — The parties' cross-motions for summary judgment arise out of plaintiff's, Blair, Lycoming, Sullivan and Tioga Counties Intermediate Unit 17, claim against defendants* to pay the amount of a judgment entered against BLaST in a federal court action, *Arnold V. BLaST Intermediate Unit 17,* no. 83-0300 (M.D. Pa.). For the following reasons, we grant BLaST's motion for summary judgment, and deny CNA's cross-motion.

Summary judgment must be filed if the pleadings, discovery on file, and any supporting affidavits show there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Pa.R.C.P. 1035(b). The undisputed facts of the case are as follows.

From 1973 until July 1985, CNA provided BLaST with a Board of Education (BEL) liability insurance policy. Pursuant to the policy, CNA agreed to cover all losses which BLaST became legally obligated to

---

\* We note that CNA Insurance Company is a holding company for several insurance companies, including American Casualty Company of Reading. For ease of reference, both defendants will be referred to as CNA throughout this opinion.

pay as a result of any claims made against Intermediate for wrongful acts. The policy defines "loss" as:

"Any amount which the assured or the school district are legally obligated to pay, including but not limited to, any amount which the school district may be required or permitted to pay as indemnity to an assured, for a claim or claims made against assured for a wrongful act and shall include but not be limited to damages, judgments, settlements and costs, cost of investigation and defense of legal actions (excluding from such cost of investigation and defenses, salaries of officers or employees of the school district or any other governmental body) claims or proceedings and appeals therefrom, costs of attachment or similar bonds; provided always, however, such subject of loss shall not include fines imposed by the law, or matters which shall be deemed uninsurable under the law pursuant to which this policy shall be construed."

The policy further defines "wrongful act" as:

"Any actual or alleged errors or misstatement or misleading statement or act or omission or neglect or breach of duty by the assureds in the discharge of their duties, individually or collectively, or any matter claimed against them solely by reason of their being or having been assureds during this policy period."

The policy contains several exclusions from coverage, and in 1974, the exclusions were amended as follows:

"The insurer shall not be liable to make any payment for loss in connection with any claim against the assureds, and/or the school district . . . for any amounts due under the terms of any contractual obligation; however, except with respect to construction or demolition contracts this exclusion

shall not apply to fees, costs and expenses of the investigation, defense or appeal of any claim or suit or arbitration or administrative proceedings resulting from any failure to perform or any breach of contract."

The parties' dispute centers on an interpretation of this exclusionary provision. A judgment in the amount of $161,026 was entered against BLaST in a sex-discrimination lawsuit filed in the U.S. District Court for the Middle District of Pennsylvania, *Arnold v. BLaST Intermediate Unit 17,* no. 83-0300. (M.D. Pa.) This action was based on the allegation that BLaST had hired a male teachers' aid at a higher salary than female teachers' aids were paid. The complaint sought relief under the Equal Pay Act, 29 U.S.C. §206(d). Title 7 of the Civil Rights Act of 1964, 42 U.S.C. §2000(e) et seq.; 42 U.S.C. §1983; and Title 9 of the Civil Rights Act of 1974, 20 U.S.C. §1681.

The Title 7 and Title 9 claims against BLaST were dismissed with prejudice prior to entry of judgment, and the judgment against BLaST under section 1983 was vacated on appeal. Judge Muir, of the Federal District Court, entered judgment for the plaintiffs in the *Arnold* case in the amount of $161,026 plus interest solely on claims under the Equal Pay Act.

In his opinion entering judgment for the plaintiffs in *Arnold,* Judge Muir noted that the jury had concluded that the jobs of the female and male teachers' aids were substantially equal. He concluded that BLaST had erred, in determining the salaries, but in so doing, it did not engage in intentional discrimination or misconduct. Therefore, although BLaST's conduct was wrongful, it was not in bad faith.

Following entry of judgment against it, BLaST refused to pay on the grounds that all of its funds had been specifically designated for special education programs for handicapped children in the four-county area which the Intermediate Unit serves.

Eventually, however, BLaST did satisfy the judgment plus interest out of those special education funds.

BLaST had advised CNA of the federal lawsuit, and CNA had paid the cost of defending that action. After BLaST paid the judgment, it notified CNA that it had done so and requested reimbursement. CNA refused, and continues to refuse, on the ground that while the judgment is a loss which was a result of BLaST's wrongful conduct, it is not covered by the BEL policy because it is a contractual obligation which comes within the above-quoted exclusionary provision.

BLaST argues that coverage should be granted because the judgment is not a contractual obligation. Rather, the Middle District Court in *Arnold* found that BLaST made a wrongful determination of the salary to be paid to the male teacher aid rather than breaching terms or conditions of employment for teacher aids as a group. In support of its position that the judgment does not arise out of a contractual obligation, BLaST cites two cases in which the same exclusionary provision which is at issue here was decided against CNA. In *Employers Mutual Casualty Company v. Sioux City Community School District,* no. CL19-10933 (D. Iowa 1980), the U.S. Department of Labor sued the school district because it paid lower wages to female employees who performed jobs of the same skill, effort and responsibility under similar working conditions, than it paid to male employees. The government's claim arose out of an alleged violation of the Fair

Labor Standards Act, 29 U.S.C. §201 et seq. (into which the Equal Pay Act was incorporated as 29 U.S.C. §206(d) in 1963), and sought back pay for all employees against whom the school district had allegedly discriminated. The school district was insured under a BEL policy which is identical to the policy in the present case. After the suit between the Department of Labor and the school district was settled and the school district paid the judgment, the school district requested reimbursement from CNA. CNA refused on the same ground that it asserts here. In its opinion, the Iowa District Court cited numerous cases for the proposition that the obligation of employers under the Fair Labor Standards Act are statutory rather than contractual in nature. Based on those cases, the court concluded that:

"The money damages involved herein did not arise 'under the terms of any contractual obligation.' The court further concludes that Continental's policy exclusion referred to in paragraph 6 is not applicable since the payment of the claim under the Fair Labor Standards Act was not the payment of an amount due under the terms of any contractual obligation. The court further concludes that the Continental policy provides coverage for the abovementioned payments made by EMD and the school district. . ." *Id.* at 8.

BLaST also cites *Indian River School District v. Continental Casualty Company,* no. 79C-NO9 (Del. Superior Court 1980). Once again, this was a claim under the Equal Pay Act and the Fair Labor Standards Act by a school district employee who had allegedly been wrongfully terminated. The school district sought reimbursement for a payment of the judgment from its insurer, a subsidiary of CNA. The court ordered reimbursement, pointing

out that an insurance contract is generally an adhesion contract; therefore, it must be liberally interpreted to protect the insured's expectations. However, the court found that the equal-pay issue is not concerned with ambiguities in the policy language. Instead, the court stated:

"The District Court decision clearly, it appears, based the award of $21,402 on a finding of a violation of First Amendment rights, not a breach of contract. The computation of the amount of the award was based on the monetary obligations of the school district that would have been in effect *because of the applicable statutes if the employee had not been improperly terminated; but the award was not made 'under the terms of any contractual obligation.'* " Slip op. at 1.

It is thus obvious that the court found that judgments which arise out of Equal Pay Act violations are statutory obligations as opposed to contractual. The court made this clear when it said:

"The obvious position of the insurer, that regardless of semantics, the board fired Eckard and thereby terminated some kind of contract with him, upon which he was later ordered to be paid, ignores as well the sound basis for the adhesion contract rulings — the insurer had every opportunity to spell out in a few short words in its contracts, using its talented legal staff, that it excluded from coverage any act by any insured terminating any employee without a sound legal basis under contract or state law. The 'reasonable expectation' of the insured was that he was insured against making good-faith errors in judgment of this kind." *Id.* at 2.

Based on the reasoning in the *Indian River* and *Sioux City* cases, *supra,* we accept BLaST's arguments that the judgment in the present case was

not a contractual obligation which BLaST incurred; therefore, the Intermediate Unit is entitled to reimbursement.

CNA has also raised the issue that on public policy grounds, it should not be forced to reimburse BLaST for the amount of the judgment. It cites *Central Dauphin School District v. American Casualty Company*, 493 Pa. 254, 426 A.2d 94 (1981) in support of its position. In that case, the Pennsylvania Supreme Court ruled that a school district could not recover from CNA the amount it returned to taxpayers following invalidation of an illegal occupation tax. The court concluded that public policy precludes a school district from levying unlawful taxes as a means of producing revenue. Because the tax is illegal, there was no loss within the meaning of the insurance policy issued by CNA. *Id.* at 260, 426 A.2d at 97.

In arguing that the tax was covered by the insurance policy, the school district contended that it acted in good faith and was guilty only of negligence in failing to pass a lawful taxing resolution. The court disagreed, saying:

"The validity of tax measures is not determined by the good or bad faith or negligence or lack of negligence of the governmental unit imposing the tax. Taxation is a governmental function controlled by constitutional provisions and statutory direction. The exercise of this function must strictly comply with constitutional and statutory controls." *Id.* (citations omitted)

In our opinion, the *Central Dauphin* case is distinguishable from the case at bar. The *Central Dauphin* decision was clearly a limit on the school district power to levy taxes, a governmental function which is controlled by constitutional provisions. In the present case, however, Judge Muir clearly

found that BLaST's actions in setting salaries for teachers' aids was a form of negligence. The amount the teachers' aids are to be paid is not governed by constitutional direction; therefore, we cannot say as a matter of law that the public policy of the Commonwealth of Pennsylvania has been violated so as to deny BLaST coverage under its BEL policy. Accordingly, we issue the following

### ORDER

And now, July 21, 1989, for the reasons set forth in the foregoing discussion, it is hereby ordered and directed that the motion for summary judgment filed by BLaST Intermediate Unit 17 is granted, and the cross-motion for summary judgment filed by CNA Insurance is denied.